```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMES COLLINS,                  :
                                :
          Plaintiff,            :   CIVIL ACTION
                                :
     v.                         :   No. 05-cv-1853
                                :
PAREXEL INTERNATIONAL, and      :
BARNETT INTERNATIONAL,          :
                                :
          Defendants.           :
```

## MEMORANDUM and ORDER

**Joyner, J.**                                            **October 30, 2008**

Before this Court is Plaintiff, Collins's, Motion for the Application of Collateral Estoppel (Doc. No. 80) on five issues, and Defendants, Parexel and Barnett's, response thereto (Doc. No. 93). For the following reasons, Plaintiff's Motion is denied.

### I. Background

James Collins originally brought the present action with Plaintiff Jeff Klimaski in January 2005 for retaliatory discharge and, later, for defamation against their former employer, Parexel International ("Parexel"). Relatedly, after Parexel brought suit against him, another Parexel employee who had been terminated, Mr. Oswaldo Feliciano, made counter-claims against Parexel alleging violations of the Sarbanes-Oxley Act ("SOX") and illegal conduct surrounding his termination. Collins and Klimaski later moved to consolidate their claims with Feliciano's, but this

1

Court found that each claim required a separate analysis and ordered severance of all plaintiffs.  Klimaski v. Parexel Int'l, 2005 U.S. Dist. LEXIS 6403, 2005 WL 857350 (E.D. Pa. April 4, 2005).

Mr. Feliciano's case was the first to go to trial.  On September 15, 2008, Parexel was found by a jury to have (1) retaliated against Mr. Feliciano in violation of the Sarbanes-Oxley Act of 2002 and (2) to have terminated Mr. Feliciano's employment because he refused to engage in illegal conduct.  Pl. Exh. A (Verdict Slip, Feliciano v. Parexel, No. 04-3798).  In the instant motion, Collins now asks this Court to grant collateral estoppel as to five issues he alleges were already decided by the jury in Mr. Feliciano's case: (1) Collins's belief that Parexel's conduct with respect to the marketing database constituted a violation of federal mail, wire, or securities fraud was reasonable; (2) Collins engaged in protected activity under SOX when he complained about the fraudulent use of the database; (3) Parexel has been found to have violated SOX; (4) Parexel is precluded from cross-examining or impeaching Feliciano on Parexel's purported reasons for his termination; (5) The only reason that can be presented to the jury on Feliciano's termination is that Parexel unlawfully retaliated against him in violation of SOX.

## II. Standard

Plaintiff, a non-party to the previous action, asks this Court to give preclusive effect to issues he is alleging in the instant action against the defendants, parties to the previous action.  This form of issue preclusion, non-mutual offensive collateral estoppel, may only be used in distinct circumstances. Four criteria must be met for collateral estoppel to be used offensively:

> (1) the issue sought to be precluded [is] the same as that involved in the prior action;
> (2) that issue [was] actually litigated;
> (3) that issue [was] determined by a final and valid judgment; and
> (4) the determination [was] essential to the prior judgment.

AMTRAK v. Pa. PUC, 342 F.3d 242, 252 (3d Cir. 2003) (quoting AMTRAK v. Pa. PUC, 288 F.3d 519, 525 (3d Cir. 2002) (citations omitted)).  As an added safeguard, the Supreme Court has held that the use of this preclusion would be "subjected to an overriding fairness determination by the trial judge." Burlington N. R.R. v. Hyundai Merchant Marine Co., 63 F.3d 1227, 1232 (3d Cir. 1995) (citing to Parklane Hosiery v. Shore, 439 U.S. 322, 324, 326-33, 58 L. Ed. 2d 552, 99 S. Ct. 645 (1979)).

## III. Discussion

Plaintiff argues that the first three issues for which he is

seeking collateral estoppel[1] fall directly under the jury's findings for issues litigated in the <u>Feliciano</u> case, were essential to the prior judgments, and, therefore, can be used to preclude defendants from arguing them in the present case as to Mr. Collins.  However, the issues decided by the jury are entirely tied to Mr. Feliciano and are distinct from the issues raised by Mr. Collins.  In fact, Mr. Feliciano and Mr. Collins were not permitted to consolidate their claims by this Court because the cases were so factually distinct and required separate analyses. Klimaski, 2005 U.S. Dist. LEXIS at *9-10 (" . . . the circumstances of each party's termination are factually distinct.  A determination of whether Defendant Parexel discharged Klimaski, Collins, or Feliciano in retaliation for reporting activities protected by the Sarbanes Oxley Act requires a separate analysis of each party's work performance, qualifications, and the actions taken against him.").  Hence, the jury's verdict in Mr. Feliciano's case is specific to Mr. Feliciano and cannot be applied to the issues of Mr. Collins's beliefs, whether Mr. Collins engaged in protected activity and whether Parexel violated SOX in relation to Mr. Collins.  Pl. Exh. A (Verdict Slip, Feliciano v. Parexel, No. 04-3798).  None

---

[1] (1) Collins's belief that Parexel's conduct with respect to the marketing database constituted a violation of federal mail, wire, or securities fraud was reasonable; (2) Collins engaged in protected activity under SOX when he complained about the fraudulent use of the database; (3) Parexel has been found to have violated SOX.

4

of these issues was decided by the jury.  As the first criteria for issue preclusion is that the issue must be the *same* issue as in the prior action, these issues are not appropriate for collateral estoppel.  AMTRAK, 342 F.3d at 252.

The final two issues for which plaintiff seeks collateral estoppel[2] involve possible references at trial to the verdict in Mr. Feliciano's case.  However, these are not facts specifically at issue in Mr. Collins's claims and are, hence, inappropriate for the application of collateral estoppel.  It appears to the Court that these two issues would only arise in relation to possible witness testimony from  Mr. Feliciano or others about Mr. Feliciano's termination and the September 15th verdict.  However, clearly, if Mr. Feliciano testifies at trial, he will be testifying for limited purposes -- only in so far as his testimony is relevant to Mr. Collins's allegations.  See Fed. R. Evid. 401-403.  The admissibility of references to Mr. Feliciano's verdict will be determined on the basis of relevancy and prejudice, likely as objections at trial or motions in limine, and not on collateral estoppel. Id.

For the foregoing reasons, Plaintiff's Motion is Denied.

---

[2] (4) Parexel is precluded from cross-examining or impeaching Feliciano on Parexel's purported reasons for his termination; (5) The only reason that can be presented to the jury on Feliciano's termination is that Parexel unlawfully retaliated against him in violation of SOX.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

```
JAMES COLLINS,                       :
                                     :
         Plaintiff,                  :   CIVIL ACTION
                                     :
    v.                               :   No. 05-cv-1853
                                     :
PAREXEL INTERNATIONAL, and           :
BARNETT INTERNATIONAL,               :
                                     :
         Defendants.                 :
```

**ORDER**

AND NOW, this 30th day of October, 2008, upon consideration of Plaintiff's Motion for the Application for Collateral Estoppel (Doc. No. 80), and Plaintiff's Response thereto (Doc. No. 93), for the reasons stated in the attached memorandum, it is hereby ORDERED that the Motion is DENIED.

                                BY THE COURT:


                                s/J. Curtis Joyner
                                J. CURTIS JOYNER, J.